UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RIGOBERTO RUIZ,

        Plaintiff,

v.

CONAGRA FOODS PACKAGED FOODS, LLC

        Defendant.

Case No. 21-cv-00387

## ANSWER TO AMENDED COMPLAINT

Defendant, ConAgra Foods Packaged Foods, LLC ("Defendant" or "ConAgra"), by and through its attorneys, Husch Blackwell LLP, hereby responds to Plaintiff's Amended Complaint as follows:

### [ALLEGED] FIRST CAUSE OF ACTION
### WRONGFUL DEATH

1. Plaintiff Rigoberto Ruiz is an adult resident of Rock County Wisconsin who resides at 1506 Copeland Avenue, Beloit, WI 53511.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1, and therefore denies them.

2. Rigoberto Ruiz was married to Martha Amador De Ruiz until her death on May 5, 2020 as a result of Covid-19.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies them.

3. Defendant Conagra Foods Packaged Foods, LLC is a Nebraska Corporation licensed to do business in Wisconsin.

**ANSWER:** Defendant admits that it is licensed to do business in Wisconsin; and denies the remaining allegations in paragraph 3. Defendant affirmatively alleges that it is a Delaware limited liability company with its principal place of business located in Nebraska.

4. Defendant owns and operates a food packaging plant in Darien, Wisconsin.

**ANSWER:** Defendant admits the allegations in paragraph 4.

5. Rigoberto Ruiz was employed at the Defendant's plant in Darien, Wisconsin when the Covid-19 virus began infecting Americans in 2020. He was continuously employed at the Darien plant from June 1995 until his Covid-19 diagnosis on April 22, 2020.

**ANSWER:** Defendant admits that Plaintiff's original hire date at the plant in Dairen, Wisconsin was June 1995, and states that its records indicate continuous service at the plant from January 1997 until February 2021. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's Covid-19 diagnosis in paragraph 5, , and therefore denies those and any remaining allegations in paragraph 5.

6. Defendant failed to exercise ordinary care in its Darien facility which resulted in over 100 of its workers at the plant testing positive in April 2020.

**ANSWER:** Defendant denies the allegations in paragraph 6.

7. Defendant temporarily close[d] its Darien plant on April 19, 2020. Plaintiff Rigoberto Ruiz was infected in the April outbreak at the Darien plant. Rigoberto Ruiz tested positive for Covid-19 on April 22, 2020. The acts complained of herein all occurred prior to Rigoberto Ruiz's diagnosis on April 22, 2020.

**ANSWER:** Defendant admits that it temporarily closed its Darien plant on April 19, 2020. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7, and therefore denies them.

8. Conagra Foods Packaged Foods, LLC was aware that one of its employees had tested positive at the Darien plant at least as early as April 13, 2020. It was aware that many of its employees were exhibiting Covid-19 symptoms prior to April 13, 2020.

**ANSWER:** Defendant denies the allegations in paragraph 8.

9. In April 2020, Conagra Foods Packaged Foods, LLC. requested that employees who were exhibiting Covid-19 symptoms continue to work on the line in the Darien plant for profit-based productivity reasons. This course of conduct was negligent towards the health and safety of its workers and their families.

**ANSWER**: Defendant denies the allegations in paragraph 9.

10. Many of the workers in the Darien plant in April of 2020 are workers who live in housing provided by Conagra Foods Packaged Foods, LLC. During the month of April 2020 those workers were housed in conditions where their beds were within six feet of each other, and the housing facilities did not provide sufficient space to allow for the workers to properly socially distance. These workers were exposed to these unsafe conditions and then allowed to come into the plant and expose co-workers to the dangers created by those unsafe conditions. This course of conduct by Conagra Foods Packaged Foods, LLC was negligent in that ignored both the Wisconsin Governor's emergency orders as well as generally accepted safe practices at that time. This course of conduct was negligent towards the health and safety of its workers and their families.

**ANSWER:** Defendant admits that it provides housing for certain seasonal workers at the Darien facility. Defendant denies the remaining allegations in paragraph 10.

11. In April 2020 Defendant Conagra Foods Packaged Foods, LLC failed to:

    A. Establish a contact tracing system;

    B. Train its workers regarding Covid-19 safety;

    C. Properly distance its employees within the plant to minimize risk;

    D. Require and enforce the proper wearing of masks within the plant.

All of these failures were negligent as to its workers' and their families.

**ANSWER:** Defendant denies the allegations in paragraph 11.

12. As a result of the many acts of negligence identified in paragraphs 9-11 above, an outbreak occurred at the Darien plant which caused Rigoberto Ruiz to be infected with Covid-19. As Defendant is an employer it is subject to the Wisconsin Safe Place Act, Wisconsin Statutes §101.11 pursuant to which it has a duty to make the premises as safe as the nature of its business would reasonably permit.

**ANSWER:** Defendant denies the first sentence of paragraph 12. Defendant admits that, as an employer within the State of Wisconsin, it is generally subject to the Wisconsin Safe Place Act, but neither admits nor denies Plaintiff's characterization of the statute as it calls for a legal conclusion to which no answer is required. To the extent further answer is required, Defendant denies the remaining allegations in paragraph 12.

13. Rigoberto Ruiz then brought the Covid-19 virus home from the Conagra plant and infected his wife Martha Amador De Ruiz. Pursuant to Wisconsin law Rigoberto Ruiz alleges that the preponderance of the possibilities establish both his own and his wife's causal link between his employment and their Covid-19 diagnosis.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 13, and therefore denies them. Defendant denies the remaining allegations in paragraph 13.

14. Martha Amador De Ruiz suffered greatly from the Covid-19 virus until it ultimately caused her death on May 5, 2020. As Defendant violated both its common law duties and its duty under the Safe Place Act, Plaintiff brings this case under both common law negligence claims and Wisconsin Safe Place Act claims.

**ANSWER:** Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 14, and therefore denies them. Defendant denies the remaining allegations in paragraph 14.

### [ALLEGED] SECOND CAUSE OF ACTION
### SURVIVAL ACTION

1-14. Plaintiff hereby realleges and incorporates by reference paragraphs 1- 14 of the complaint.

**ANSWER:** Defendant incorporates its answers to the allegations in paragraphs 1-14 as its answers to this paragraph and to Plaintiff's alleged second cause of action.

A. As a direct, natural and proximate result of said negligence and violation of the Wisconsin Safe Place Act by Defendant, Martha Amador De Ruiz, suffered personal injuries, causing great pain and suffering of both in mind and body prior to her death.

**ANSWER:** Defendant denies the allegations in paragraph A.

### DEFENDANT'S AFFIRMATIVE DEFENSES

As for its Affirmative Defenses to Plaintiff's Amended Complaint, Defendant alleges and states the following:

1. Plaintiff failed to mitigate his purported damages, if any.

2. Plaintiff lacks standing to bring the claims in the Amended Complaint.

3. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

4. Plaintiff's damages, if any, resulted from a superseding cause.

5. Plaintiff's damages, if any, were caused by a third party or third parties and/or fellow employees or servants over which Defendant had no control.

6. Plaintiff's claims are barred by the assumption of risk doctrine.

7. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

8. Wisconsin's worker's compensation statute bars Plaintiff's claims.

9. Wisconsin's safe-place statute does not create an independent cause of action.

10. Wisconsin's safe-place statute does not apply to Plaintiff's non-employee spouse.

11. Wisconsin's wrongful-death statute does not place create a duty flowing from Defendant to Plaintiff's non-employee spouse.

12. Plaintiff, by his own conduct, has waived his right to assert the claims contained in the Complaint.

13. Plaintiff's claims are barred by the estoppel doctrine.

14. Some or all of Plaintiff's claims are barred by the contributory negligence doctrine.

15. Defendant alleges all affirmative defenses required to be pleaded under the Federal Rules of Civil Procedure for the purpose of avoiding a waiver of any such defenses as they may later apply. Defendant also reserves the right to assert any further affirmative defenses that may become available as a result of future discovery in this lawsuit.

6
HB: 4820-3991-6532.3

16. WHEREFORE, Defendant requests that the Court deny all relief requested by Plaintiff in its amended Complaint, dismiss the Amended Complaint with prejudice, grant attorneys' fees and costs to Defendant and grant any additional relief the Court deems just.

Dated this 2nd day of August, 2021.

*s/ Patrick M. Harvey*
Patrick M. Harvey
State Bar No. 1059695
Emily L. Stedman
State Bar No. 1095313
Attorneys for Defendant, ConAgra Foods Packaged Foods, LLC
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, Wisconsin 53202
Telephone: 414.273.2100
Fax: 414.223.5000
Email: patrick.harvey@huschblackwell.com
emily.stedman@huschblackwell.com