UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RIGOBERTO RUIZ and ESTATE OF
MARTHA AMADOR DE RUIZ BY ITS
SPECIAL ADMINISTRATOR
RIGOBERTO RUIZ,

          Plaintiffs,

XAVIER BECERRA, SECRETARY OF
THE DEPARTMENT OF HEALTH AND
HUMAN SERVICES,

          Subrogated Party,

   v.

CONAGRA FOODS PACKAGED FOODS,
LLC

          Defendant.

Case No. 2:21-cv-00387

**CONAGRA FOODS PACKAGED FOODS,
LLC'S MEMORANDUM OF LAW IN
SUPPORT OF ITS MOTION TO DISMISS**

This Motion raises basic questions that can be decided on undisputed facts already in the record and that will resolve the entire case. The Court should dismiss Plaintiffs' Second Amended Complaint because, although Plaintiffs purport to raise two causes of action against Defendant, ConAgra Foods Packaged Foods, LLC ("ConAgra"), both claims fail as a matter of law. The first cause of action – for wrongful death – fails because it is barred by Wisconsin's worker's compensation exclusivity. The second cause of action – for survival – fails because the decedent (Ms. Ruiz) could not have brought an action against ConAgra had she lived. As such, the Court should grant ConAgra's Motion to Dismiss. *See* Fed. R. Civ. P. 12(b)(6).[1]

---

[1] ConAgra raised these arguments in its Reply Memorandum in Support of its previous Motion to Dismiss (ECF No. 13), but the Court declined to address them on the merits because they were raised for the first

Plaintiffs' Second Amended Complaint alleges that, under Wisconsin law, Plaintiffs are entitled to wrongful death and survival damages from ConAgra, because Plaintiff Rigoberto Ruiz claims that he was exposed to the coronavirus while working at ConAgra's frozen fruit and vegetables plant,[2] that he then contracted COVID-19, and that he went on to infect his wife, who later died. Ms. Ruiz's estate, the other Plaintiff, seeks damages for the same reasons.

Mr. Ruiz's wife's death is a tragedy. But that alone does not mean that Plaintiffs' claims can proceed in this Court. As a critical and essential frozen food manufacturer, ConAgra acted swiftly and reasonably to protect its workforce during the early stages of the global pandemic while continuing to operate as required to support the country's food supply. Plaintiffs' efforts to lodge "general negligence" claims against ConAgra fail as a matter of law. Nor have Plaintiffs stated a viable claim for wrongful death or survival.

In short, Plaintiffs' claims are barred as a matter of law, and the Court should accordingly grant ConAgra's Motion to Dismiss.

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's claims must be dismissed if the allegations do not set forth enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

time on reply (ECF No. 14, n.6). ConAgra respectfully brings this Motion seeking the Court's consideration of these arguments on the merits, after Plaintiff has an opportunity to respond to them, because ConAgra believes these issues of law to be dispositive and appropriate for disposition on the pleadings.

[2] In its July 20, 2021, Decision and Order, the Court referred to ConAgra's Darien plant as "a meat-packing plant." (ECF No. 14 at 2.) It is important to note that ConAgra's Darien plant produces frozen fruits and vegetables; its operations do not include the slaughter or processing of meat or poultry products, and Plaintiffs have never so alleged. The difference is critical: there are *vastly* different working, spacing, and ventilation conditions commonly present in meat-packing plants as compared to other types of food manufacturing. The meat-packaging industry has also received negative press coverage over the course of the pandemic. Recognizing that meat-processing poses special risks not present in other types of manufacturing, the CDC issued special guidance for meat and poultry processing workplaces (*see, e.g.*, https://www.cdc.gov/coronavirus/2019-ncov/community/organizations/meat-poultry-processing-workers-employers.html, last updated June 11, 2021). Such conditions were not present at ConAgra's Darien plant, nor were they alleged to have been present in Plaintiff's Second Amended Complaint.

570 (2007)). A party's claims can only survive if the allegations permit the court to draw "the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," cannot sustain a claim, *id.*, and the claim must be dismissed if the allegations do not "raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555.

## ARGUMENT

I. **Plaintiffs' Second Amended Complaint fails to state a viable claim for relief.**

    A. **Wisconsin's worker's compensation exclusivity precludes Plaintiffs' claims.**

Plaintiffs' claims are barred by Wisconsin's worker's compensation exclusivity. Plaintiff Rigoberto Ruiz alleges that he "was employed at" ConAgra's "plant in Darien, Wisconsin" during the COVID-19 pandemic. (Second Amended Complaint ("Compl.") ¶ 7, ECF No. 24.) According to Plaintiff, ConAgra "failed to exercise ordinary care in its Darien facility which resulted in over 100 of its" employees testing positive for COVID-19. (*Id.* ¶ 8.) Now, as a result of his contracting COVID-19, which he alleges resulted from ConAgra's negligence toward him during the course of his employment, Plaintiffs seek damages from Mr. Ruiz's employer. (*See generally* Compl.) But because Plaintiffs' Second Amended Complaint confirms that Mr. Ruiz is seeking damages from his employer as a result of harm that he claims to have suffered at work, Wisconsin's worker's compensation exclusivity bars his claim.

Wisconsin's worker's compensation law is an employee's sole remedy for obtaining damages from one's employer for losses sustained from a workplace injury or disease. *See* Wis. Stat. §§ 102.01, 102.03, 102.07. This is "an employee's *exclusive* remedy against his or her employer for work-related injuries." *Franke v. Durkee*, 141 Wis. 2d 172, 176, 413 N.W.2d 667 (Ct. App. 1987) (emphasis added); *Graef v. Cont'l Indemn. Co.*, 2021 WI 45, ¶ 13, 397 Wis. 2d 75, 959 N.W.2d 628 ("Pursuant to Wis. Stat. § 102.03(2), when the conditions of liability in

3

§ 102.03(1) are satisfied, the Act provides the exclusive remedy."). Indeed, even if a claim relates to a second or subsequent injury that stems from the work-related injury, worker's compensation provides the exclusive remedy. *Graef*, 959 N.W.2d 628, ¶ 12. And, "[r]ecognizing the 'grand bargain'" of competing interests that worker's compensation represents, "courts must 'exercise care to avoid upsetting the balance of interests achieved by the [Act].'" *Id.* ¶ 13 (quotation omitted). For that reason, even if the "injury" at issue in the complaint did not occur *at* work, worker's compensation is nevertheless the claimant's exclusive remedy. *Id.* ¶ 15 (finding that worker's compensation was the claimant's exclusive remedy because his "complaint presents an unbroken chain of events starting with his November 1, 2012 injury and ending with his August 9, 2015 suicide attempt.").

Although Plaintiffs frame their claim in the context of "wrongful death," "survival," and/or the Wisconsin Safe Place statute, at bottom, Plaintiffs seek damages for an injury that they claim occurred during and because of Mr. Ruiz's employment. (*See generally* Compl., ECF No. 24.) As such, Plaintiffs' exclusive remedy is worker's compensation, and the Second Amended Complaint in this case must be dismissed. *See Franke*, 413 N.W.2d at 669-70 (holding that even a wife's claim for loss of consortium related to her husband's at-work injury was barred by worker's compensation exclusivity)[3]; *Graef*, 2021 WI 45, ¶¶ 12-15; *Kuciemba v. Victory Woodworks, Inc.*, Case No. 20-cv-09355-MMC (N.D. Cal. May 10, 2021) (finding that California's worker's compensation exclusivity barred a wife's COVID-19 claims arising out of

---

[3] Plaintiffs previously argued that there is no Wisconsin case that bars an injured spouse "from bringing a lawsuit against her spouse's employer." (Plaintiff's Brief in Opposition to Defendant's Motion for Judgment on the Pleadings 2, ECF No. 19.) However, that is not true. *See, e.g., Franke*, 413 N.W.2d at 669-70 ("[T]he supreme court has recognized that the statute also bars the 'non-injured' spouse's claim for loss of consortium deriving from the employee-spouse's injuries. *Rosencrans v. Wisconsin Telephone Co.*, 54 Wis. 2d 124, 128-29, 194 N.W.2d 643, 645-46 (1972). In this sense, the spouse seeking the recovery stands in the employee-spouse's shoes insofar as recovery from the employer is concerned.").

4

her husband's allegedly contracting COVID-19 at work and then infecting his wife at home)[4]; *see also Smith v. Corecivic of Tennessee LLC*, No. 20-CV-0808, 2021 WL 927357, *3 (S.D. Cal. Mar. 10, 2021) (recognizing the workers' compensation exclusive remedy and dismissing "claims based on Defendant's alleged failure to provide a safe work environment or institute required protocols related to COVID-19"); *Arnold v. Corecivic of Tennessee LLC*, No. 20-CV-0809, 2021 WL 63109, *6 (S.D. Cal. Jan. 6, 2021) (barring claims of liability "for failure to provide proper protective equipment and violating safety regulations" in favor of California's workers' compensation exclusivity); *Brooks v. Corecivic of Tennessee LLC*, No. 20-CV-994, 2020 WL 5294614, *7 (S.D. Cal. Sept. 4, 2020) (dismissing claims for negligent supervision and intentional infliction of emotional stress in favor of workers' compensation exclusivity); *Palmer v. Amazon.com, Inc.*, 498 F. Supp. 3d 359, 374-75 (E.D.N.Y. 2020) (dismissing a claim for "past harm" due to alleged failure to provide a safe workplace and in favor of New York's workers' compensation exclusive remedies for employee injuries).

> **B.      Because the decedent could not have maintained a negligence action against ConAgra on her own, Plaintiffs' wrongful death claim fails as a matter of law.**

A claim for wrongful death is a statutory claim that arises under Wis. Stat. § 895.04. "[T]he threshold determination for the awarding of damages in a wrongful death action is the existence of liability for the wrongful death. This threshold determination is made by examining whether the decedent would have been entitled to maintain an action and recover damages had [she] lived." *Delvaux v. Vanden Langenberg*, 130 Wis. 2d 464, 496, 387 N.W.2d 751 (1986).

---

[4] The Westlaw version of this decision is apparently not yet available, so ConAgra is attaching a copy as Exhibit A. Notably, this area of law is evolving rapidly, which further explains the need to revisit this issue in the current Motion. For example, *Kuciemba* – which ConAgra cited in its Motion to Dismiss Reply – was not issued until May 10, 2021, nearly a week after ConAgra filed its initial Motion to Dismiss, meaning it could not have been cited in ConAgra's opening Motion to Dismiss Memorandum.

According to Plaintiffs' allegations, Mr. Ruiz – not ConAgra – infected his wife. There is no suggestion in the Second Amended Complaint that the decedent ever stepped onto ConAgra's premises, or that she had any kind of relationship directly with ConAgra. As a result, ConAgra owed no duty of care to the decedent, and certainly no duty to protect her from being infected – from her husband or from anyone else – with the coronavirus, or with any other airborne pathogen. *See id.* at 483-487 (finding that the proprietor of a place of business' duty of ordinary care does not extend beyond the business' premises such that a bar owner was not liable for wrongful death damages stemming from injuries from a fight that occurred between two of the bar's customers off of the bar's premises); *Hoida, Inc. v. M & I Midstate Bank*, 2006 WI 69, ¶ 27, 291 Wis. 2d 283, 717 N.W.2d 17; *Baumeister v. Automated Prods., Inc.*, 2004 WI 148, ¶¶ 13-21, 277 Wis. 2d 21, 690 N.W.2d 1; *Hocking v. City of Dodgeville*, 2009 WI 70, ¶¶ 10-13, 318 Wis. 2d 681, 768 N.W.2d 552 ("Duty has always been a relevant element in Wisconsin's negligence analysis even though cases have more often been limited by the application of public policy factors. The prevalence of a public policy factor analysis, however, does not eliminate consideration of the four elements of negligence.") (citations omitted); *Brenner v. Amerisure Mut. Ins. Co.*, 2017 WI 38, ¶ 16, 374 Wis. 2d 578, 893 N.W.2d 193 (the Wisconsin Supreme Court has not "concluded that every negligence claim arrives at court with the first element already proven as a matter of law, or that [the court has] eliminated the first line from the negligence quatrain."); *see also Tatera v. FMC Corp.*, 2010 WI 90, ¶ 3, 328 Wis. 2d 320, 786 N.W.2d 810 (finding that the plaintiff's negligence claim was barred because, under Wisconsin law, an employer is not liable for injuries sustained by an independent contractor's employee "while he or she is performing the contracted work.").

Plaintiff was, furthermore, outside the scope of his employment whenever and wherever he may have infected his wife, and he alleges that ConAgra failed to act, not that ConAgra committed affirmative negligent acts, meaning his employer, ConAgra, cannot be vicariously

6
HB: 4886-6887-0916.1

liable for Plaintiff's wife's injuries. *See Behrendt v. Gulf Underwriters Ins. Co.*, 2009 WI 71, ¶¶ 94-108, 318 Wis. 2d 622, 768 N.W.2d 568 (Roggensack, J., concurring); *Hocking*, 768 N.W.2d 552, ¶¶ 10-13 ("[T]he duty owed to the world is not unlimited but rather is restricted to what is reasonable under the circumstances. As a result, Wisconsin courts have in the past precluded negligence actions because a defendant did not owe a duty to the plaintiff under the circumstances.") (citations omitted). Moreover, because Plaintiff concedes that he, not ConAgra, infected his wife, as a matter of law, Plaintiff and his wife are necessarily more contributorily negligent for his wife's death than ConAgra. *See Delvaux*, 130 Wis. at 496. Because Ms. Ruiz could not have sustained a wrongful death claim against ConAgra had she lived, Plaintiff cannot sustain a wrongful death claim now. *See id.* ("Notwithstanding the separate and distinct nature of the wrongful death action, the plaintiffs may not recover any damages sustained as a result of Delvaux's death because Delvaux himself could not recover for his injuries.").

      **C.**    **Because the decedent could not have maintained a negligence action against ConAgra, Plaintiffs' survival claim also fails as a matter of law.**

A claim for survival also is a statutory claim that arises under Wis. Stat. § 895.01. A survival action belongs to the decedent's estate. *Day v. Allstate Indemn. Co.*, 2011 WI 24, ¶¶ 62-64, 332 Wis. 2d 571, 798 N.W. 2d 199. Essentially, a survival action is like a wrongful death action that is brought by the decedent's estate itself, rather than a next of kin. This is a long-standing legal principle. *See Brown v. Chicago & N.W. Ry. Co.*, 102 Wis. 137, 77 N.W. 748 (1898) ("If the death of a person be caused by the wrongful act of another under such circumstances that *if death had not ensued such person could have recovered of such other damages for his injury*, such other shall be liable to an action for damages notwithstanding the death, such action to be brought and prosecuted in the name of the personal representative of the deceased person for the benefit of the survivors or estate.") (emphasis added). Further, and similar to a wrongful death

7

action, a threshold inquiry for the Court to consider is whether decedent could have brought the claim had she survived. *See, e.g.*, *Christ v. Exxon Mobil Corp.*, 2015 WI 58, ¶ 19, 362 Wis. 2d 668, 866 N.W.2d 602. As discussed above – with respect to Mr. Ruiz's wrongful death claim – Ms. Ruiz could not have maintained an action against ConAgra for having contracted COVID-19.

Again, there is no allegation that ConAgra directly exposed Ms. Ruiz to the coronavirus – Mr. Ruiz concedes that he did that. (Compl. ¶ 15, ECF No. 24.) Ms. Ruiz was not a ConAgra employee or invitee. Indeed, she did not have any relationship with ConAgra at all. Finally, Plaintiffs concede that she was not injured or exposed on ConAgra's premises. As such, ConAgra owed no duty to Ms. Ruiz. *See Delvaux*, 130 Wis. 2d at 483-487; *Behrendt*, 768 N.W.2d 568, ¶¶ 94-108 (Roggensack, J., concurring); *Hocking*, 768 N.W.2d 552, ¶¶ 10-13; *see also Tatera*, 786 N.W.2d 810, ¶ 3. And, again, because Plaintiffs concede that Mr. Ruiz, not ConAgra, infected his wife, as a matter of law, Mr. Ruiz and his wife bear more contributory negligence for his wife's death than ConAgra. *See Delvaux*, 130 Wis. at 496. Because Ms. Ruiz could not have sustained a negligence claim against ConAgra had she lived, her estate cannot sustain a survival claim now. *See Christ*, 2015 WI 58, ¶ 19.

## **CONCLUSION**

Plaintiffs fail to state viable state law claims for wrongful death or survival. Accordingly, the Court should grant ConAgra's Motion to Dismiss. *See* Fed. R. Civ. P. 12(b)(6).

HB: 4886-6887-0916.1

Dated this 19th day of November, 2021.

                    *s/ Patrick M. Harvey*
Patrick M. Harvey
State Bar No. 1059695
Emily L. Stedman
State Bar No. 1095313
Attorneys for Defendant, ConAgra Foods Packaged Foods, LLC
HUSCH BLACKWELL LLP
511 North Broadway, Suite 1100
Milwaukee, Wisconsin 53202
Telephone: 414.273.2100
Fax: 414.223.5000
Email: patrick.harvey@huschblackwell.com
       emily.stedman@huschblackwell.com